# EXHIBIT 2



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 20 2018

RICK WARREN
COURT CLERK
42_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| MYCA HUNTER-COBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: **CJ-2018-3924** |
| | ) | |
| v. | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PETITION

**COMES NOW** the Plaintiff, Myca Hunter-Cobb, by and through her attorney of record, Jack Beesley of Carr & Carr Attorneys, and for her cause of action against Defendant Safeco, sets forth and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Myca Hunter-Cobb is a resident of Canadian County, Oklahoma.

2. Defendant Safeco is a For Profit Business/Insurance Corporation conducting regular business and writing insurance policies in Oklahoma County, Oklahoma.

3. The acts, occurrences and omissions complained of herein occurred in Oklahoma County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Oklahoma County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. This case arises out of a motor vehicle accident that occurred on or about March 2, 2014, Plaintiff's injuries from said accident, and Plaintiff's ensuing underinsured motorist insurance claim with Defendant stemming from said accident/injuries.

7. On that date, Plaintiff was involved in a car accident caused by a non-party tortfeasor.

8. Plaintiff was injured in that car accident.

9. Plaintiff's damages from that accident exceed the amount of available insurance coverage from the non-party tortfeasor.

10. The tort-feasor's insurance policy limits are $25,000 and since Plaintiff's damages exceed that amount (Plaintiff owed **over $46,500 in medical bills** from this accident), the tortfeasor's insurance policy limits were offered and accepted.

11. At all times relevant to the acts and omissions alleged herein, Plaintiff was insured under an underinsured motorist insurance contract/policy with Defendant, specifically, Policy # Y6577808.

12. Plaintiff instituted a claim under said insurance policy with Defendant and Defendant assigned a claim number of 966626455002 to this claim.

13. Plaintiff believed Defendant Safeco would make payment on this claim so Plaintiff could pay these medical bills back and be compensated for her personal injury losses.

14. The SAFECO underinsured motorist insurance policy had a $300,000 policy limit that could apply to pay Plaintiff's losses from the underlying car accident.

15. Plaintiff provided Defendant with information surrounding this claim, including her medical records and bills showing that she owed **over $46,500 in medical bills** for her treatment from this accident.

16. In a June 24, 2016 letter, Defendant wrote that "we have reviewed the demand package and damage photos and due to the very extensive treatment the insured underwent for her soft tissue injury claim, we are obtaining an independent medical records review to help us better understand her injuries as related to the accident."

17. Defendant informed Plaintiff in June 2016 that it had hired **Dr. Dennis Foster** to review Plaintiff's medical records related to the underlying car accident.

18. Dr. Foster is a known insurance-defense favored "expert" who often examines injured parties in car accident cases after being hired by the insurance company/defendant and writes reports favorable to insurance companies/defendants in car accident lawsuits.

19. Dr. Foster has testified under oath that he performs approximately 10-12 legal/car accident exams a month.

20. Dr. Foster has testified under oath that he performs approximately 120-140 legal/car accident exams a year.

21. Dr. Foster has testified under oath that these legal/car accident exams are **almost always performed after being hired by an insurance company/defendant**.

22. Defendant thus hired a doctor who almost exclusively provides "expert" opinions to insurance company/lawsuit defendants to perform this "independent" records review of Plaintiff's medical records/bills.

23. Not surprisingly, Dr. Foster opined that Plaintiff Myca Hunter-Cobb's treatment and medical bills submitted under claim # 966626455002 were unreasonable and not necessary after the car accident.

24. Defendant thus denied Plaintiff's claim and has not issued any payment to Plaintiff/her medical bills under the applicable UM insurance policy.

25. Plaintiff relied on Defendant to properly handle her claim and make payment on the claim pursuant to the aforementioned insurance contract/policy in a timely fashion. Plaintiff has met all of the conditions precedent for payment of claims under said insurance contract/policy.

26. However, Defendant unreasonably delayed, failed and refused to pay the benefits under the insurance contract policy despite them being due and owing under said policy/contract.

## CAUSES OF ACTION

### I. Breach of Contract

27. Paragraphs 1-26 are incorporated herein by reference.

28. Plaintiff was insured by a contract/policy with Defendant at the time of the event alleged herein, providing for coverage for such an occurrence like the one at issue in this case.

29. Pursuant to the terms of the contract/policy of insurance with Defendant, this is an occurrence wherein the coverages contained in said policy apply to the event involving Plaintiff and her vehicle.

30. Plaintiff has performed all conditions precedent under the contract/policy.

31. Defendant has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance contract/policy and the Plaintiff has sustained damages. Plaintiff is thus entitled to a judgment against Defendant for the injuries sustained while a party to said contract/policy.

### II. Breach of the Implied Covenant of Good Faith and Fair Dealing (Bad Faith)

32. Paragraphs 1-31 are incorporated herein by reference.

33. Plaintiff had in effect, at the time of the March 2, 2014 accident, a contract/policy providing underinsured motorist coverage with Defendant.

34. In its handling of Plaintiff's claim for payment/benefits under said insurance contract/policy, and as a matter of routing practice in handling similar claims, Defendant breached their duty to deal fairly and in good faith towards Plaintiff by unreasonably evaluating, withholding payment, and denying Plaintiff's claim.

5

35. As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff suffered damages, including the loss of its insurance policy benefits, mental and emotional distress, anxiety, embarrassment, expenses and financial hardship.

### III. Punitive Damages

36. Paragraphs 1-35 are incorporated herein by reference.

37. The intentional, wanton and reckless conduct of Defendant in disregard of the rights of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or reasonably should have known, of the severe adverse consequences of their acts and omissions and that such actions and/or inactions were not only detrimental to Plaintiff but the public in general.

38. As a result of Defendant's intentional, malicious and reckless actions and omissions, Plaintiff is entitled to recover punitive damages.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court enter judgment against Defendant and grant her the relief sought including, but not limited to, actual and punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,

CARR & CARR ATTORNEYS AT LAW

BY: _____
Jack Beesley, OBA #30484
Michael E. Carr, OBA #22520
Patrick E. Carr, OBA # 1506
4416 South Harvard Avenue
Tulsa, OK 74135
Phone: (918) 747-1000
Fax: (918) 747-7284
*Attorneys for Plaintiff*